UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DARLENE HUCKABY**, | Civil Case No. 3:13-CV-00142-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

      Steven Munson
      610 SW Broadway, Suite 405
      Portland, Oregon 97005

           Attorney for Plaintiff

      S. Amanda Marshall
      United States Attorney
      District of Oregon

Page 1 - OPINION AND ORDER


Adrian L. Brown
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97201-2902

Lars J. Nelson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Darlene Huckaby brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I affirm the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The evaluation is carried out by the Administrative Law Judge ("ALJ").  The claimant has the burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920.  First, the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the

claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  Parra, 481 F.3d at 746.  The claimant is entitled to disability benefits only if he is unable to perform other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance.  Id. (internal quotation omitted).  The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations.  Id.

## THE ALJ'S DECISION

Huckaby was previously found to be disabled from July 31, 2004 through January 31, 2008.  This action concerns a new claim for DIB which alleges Huckaby's disability began again on February 14, 2009.

In the new claim, the ALJ found Huckaby had severe impairments of bipolar disorder, diabetes, and asthma. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. After reviewing the record, the ALJ found Huckaby had the residual functional capacity to perform less than the full range of light work. She had to avoid work around unprotected heights and hazardous machinery; had to avoid work with exposure to dust, fumes, odors, and other respiratory irritants; she was limited to superficial contact with the public; she could have occasional interaction with co-workers but could not perform work in a team environment; and she would react appropriately to supervision but would work best with limited interaction. Based on vocational expert testimony, the ALJ found Huckaby could return to her past work as a drafter or grocery checker and was therefore not disabled under the Act.

## FACTS

Huckaby alleges she became disabled on February 14, 2009, when she was 41 years old. She earned an associate's degree in drafting. Huckaby has worked as a drafter, grocery checker, commercial truck driver, and delivery driver. She claims she cannot now work due to bipolar disorder, hypomania, stress, anxiety, type 2 diabetes, and elbow and right shoulder pain. When the first period of Huckaby's disability ended, she returned to work as a grocery checker at Safeway, where she worked for just over a year before suffering a panic attack at work and quitting. Huckaby was not able to checkout the customers at the required rate, which caused her stress on a daily basis.

Huckaby lives with her husband and three teenage children. When she has a bad day, which happens four to five days a week, she has headaches, has no energy to do housework, and stays in bed to watch television all day. Huckaby's children help with the housework because her husband is away from home six to eight weeks at a time due to his work.

Huckaby has difficulty sleeping, taking from one to four hours to fall asleep each night. This causes fatigue, so Huckaby naps on her bad days. Her headaches last four to six hours, four to seven days a week. Her panic attacks typically last two days. She also has monthly angry outbursts at her children and crying spells three or four times during a six-month period. To treat her mental illness, Huckaby sees a counselor approximately once a month and takes several prescription medications.

Either Dr. McNichol, Huckaby's primary care physician, or the clinic's medical nutritional counselor stated on chart notes dated February 9, 2009, June 2009, August 2009, September 2009, and November 2009 that Huckaby had no mental or physical disability and her activities of daily living were normal.

## DISCUSSION

I.  Huckaby's Testimony

Huckaby argues the ALJ improperly rejected her subjective symptom testimony by relying on isolated or cherry-picked inconsistencies in the medical records and her hearing testimony. She contends the ALJ failed to comply with SSR 96-7p because she did not discuss all of the factors listed in the ruling.

The Commissioner claims the ALJ provided valid reasons to discount Huckaby's subjective complaints.

Page 6 - OPINION AND ORDER

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms. Id. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." Holahan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient to support an adverse credibility determination, and the ALJ must rely on substantial evidence. Id. "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

SSR 96-7p lists seven factors the adjudicator must consider when assessing a claimant's credibility. The ALJ confirmed she considered Huckaby's subjective symptom evidence based on the requirements of SSR 96-7p. There is no requirement the ALJ discuss each factor in writing. I am unpersuaded by Huckaby's contention the ALJ did not comply with the Ruling.

After reviewing the record, the ALJ concluded Huckaby was not entirely credible and explained several reasons for the assessment.

I first note I do not agree with the Commissioner's argument to support the ALJ's reasoning that the ALJ used Huckaby's increased depression symptoms due to situational factors as a reason to discredit her subjective testimony. I read the ALJ's statement as simply a summary of the medical record. The ALJ did give several other specific reasons for his conclusion.

First he reasoned Huckaby's report that her mood was unstable and worse than a roller coaster was inconsistent with her counselor's Global Assessment of Functioning of her at 54 and 56, which indicate moderate symptoms or impairment in functioning. Inconsistency with the medical record is a clear and convincing reason to discredit testimony. See <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (although the ALJ cannot reject subjective testimony solely because it was not fully corroborated by objective medical evidence, medical evidence is still a relevant factor in determining the severity of the symptom and its disabling effects).

Second, the ALJ noted Huckaby's primary care physician and counselor both believed she tended to exaggerate her problems. The ALJ also disbelieved Huckaby when she claimed at the hearing she screamed at the top of her lungs at her children for three hours. Exaggeration can be a clear and convincing reason to discredit subjective testimony. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001).

Third, the ALJ noted Huckaby's statements to multiple people that she left Safeway for reasons other than disabling symptoms and was thinking of looking for a different type of work. Huckaby told her counselor she wanted to be available to her kids; she told the fraud investigator she would go back to work when her kids were older but she needed to be a stay-at-home mom now. Huckaby told her counselor she was thinking of going into daycare work; she told the fraud investigator she might go back to trucking when her kids were older, so she was keeping her

Page 8 - OPINION AND ORDER

commercial license.  This is another clear and convincing reason to discredit Huckaby.  See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (claimant's report to doctor he left work because of a layoff and not an injury is a sufficient reason to disregard pain testimony).

In summary, the ALJ gave several clear and convincing reasons supported by substantial evidence to discredit Huckaby.

II.     Lay Testimony

Huckaby contends the ALJ improperly rejected lay witness testimony from her husband, Daniel Huckaby.

In a written questionnaire, Daniel Huckaby explained his wife gets frustrated and confused, she angers and agitates easily, she is aggravated by change at times, and she does not handle stress at all well.

Lay testimony about a claimant's symptoms is competent evidence which the ALJ must take into account unless he gives reasons for the rejection that are germane to each witness. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006).  The germane reasons must also be specific.  Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).  A legitimate reason to discount lay testimony is that it conflicts with medical evidence.  Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).  But the ALJ cannot discredit lay testimony because it is not supported by, or corroborated by, medical evidence in the record.  Bruce, 557 F.3d at 1116.

The ALJ gave some weight to Daniel Huckaby's report but noted his wife had reported to her healthcare providers in March 2009 and September 2010 that the medication improved her

Page 9 - OPINION AND ORDER

mood symptoms.  This reason, which is supported by the record, noted a conflict with medical evidence and thus is a germane one.

The ALJ also discredited Daniel Huckaby because her treatment providers noted his wife has a tendency to exaggerate her symptoms.

The Commissioner does not defend this reason because it is difficult to discern how Huckaby's tendency to exaggerate undermines the credibility of her husband's observations.  I agree with the Commissioner, however, that inclusion of an invalid reason is harmless error.  Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (finding reliance on an invalid reason harmless because the ALJ also gave a germane reason to discount the lay testimony).

III.     Severe Impairments

Huckaby contends the ALJ erred in failing to include her anxiety as a severe impairment because her anxiety more than slightly impacts her ability to perform work-related activities.

The ALJ can find an impairment or combination of impairments non-severe "*only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation omitted).

The Commissioner first claims Huckaby's anxiety is not a severe impairment.  I disagree–Huckaby was regularly seeing a counselor and had prescription medication for anxiety.  Her impairment was severe.

The Commissioner's main argument is that the ALJ's failure to include anxiety as a severe impairment is a harmless error because the ALJ considered Huckaby's anxiety symptoms in the rest of the sequential evaluation process.

This argument is more convincing. The failure to list an impairment as a severe impairment is a harmless error if, in determining the claimant's residual functional capacity, the ALJ considers any limitations caused by the impairment. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ limited Huckaby to superficial contact with the public and occasional interaction with co-workers but no team environment. She concluded Huckaby would react appropriately to supervision but would work best with limited interaction. As explained above, the ALJ appropriately decided Huckaby was not fully credible in her testimony. Her mental health counselor did not advocate any limitations beyond what the ALJ added to Huckaby's residual functional capacity. The ALJ's error was harmless.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards. For these reasons, the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this  27th  day of January, 2014.

    /s/ Garr M. King
Garr M. King
United States District Judge

Page 11 - OPINION AND ORDER